# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WOMACK,<br><br>                         Plaintiff,<br>  v.<br>METROPOLITAN TRANSIT SYSTEM; SAN DIEGO TROLLEY, INC.; and DOES 1-99,<br><br>                        Defendants. | CASE NO. 15cv2128-WQH-DHB<br><br>ORDER |

HAYES, Judge:

The matters before the Court are (1) the Motion to Dismiss Plaintiff's Complaint and for Award of Attorneys' Fees (ECF No. 4) and (2) the Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-filing Order (ECF No. 12) filed by Defendants San Diego Metropolitan Transit System ("MTS") and San Diego Trolley, Inc.

## I. Background

On August 25, 2015, Plaintiff initiated this action by filing a complaint in the Superior Court of the State of California for the County of San Diego, Case No. 37-2015-00028909-CU-FR-CTL. (ECF No. 1). On September 23, 2015, Defendants removed to this Court on the basis of federal question jurisdiction. *Id.*

On September 29, 2015, Defendants filed the Motion to Dismiss Plaintiff's Complaint and for Award of Attorney's Fees. (ECF No. 4). On October 26, 2015, Plaintiff filed an opposition to Defendants' motion. (ECF No. 9). On October 30, 2015, Defendants filed a reply. (ECF No. 11).

On November 2, 2015, Defendants filed the Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-filing Order. (ECF No. 12). On November 30, 2015, Plaintiff filed an opposition to Defendants' motion. (ECF No. 15). On December 3, 2015, Defendants filed a reply. (ECF No. 16).

## II. Allegations of the Complaint

Plaintiff alleges an independent action for fraud upon the court under Federal Rule of Civil Procedure 60(d)(3). Plaintiff alleges that

> [f]raud upon the court . . . has taken place in the Plaintiff's case from the very start, when defendants refused to turn over discovery that stated false and deliberate fabrication and allocation's [sic] that were never proven, the courts had a moral obligation to seek the truth and be impartial and fair when dealing with any litigant and not discriminate against the Pro Se litigant as each court official has done and ignores the evidence that exonerated the Plaintiff . . . .

(ECF No. 1 at 10). Plaintiff alleges violations of the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution; Article 1, Section 1 of the California Constitution; and Title VII of the Civil Rights Act of 1964. *Id.* at 7.

"The Plaintiff seeks the Superior Court to void all previous court decisions" related to Plaintiff's challenges to his based on fraud upon the court. *Id.* at 21. "Plaintiff understands the ramification if this court designates Plaintiff a Vexatious litigant as moved by Defendants, and the sanction that can be imposed by his court. . . ." *Id.*

## III. Motion to Dismiss

Defendants contend that Plaintiff fails to plead specific facts to support his claims of conspiracy between MTS and the Court that would constitute fraud on the court, "including who was involved, when it was perpetrated, how it was perpetrated. what arrangements were made, or any evidence suggesting MTS or its attorneys even knew the judicial officials involved." (ECF No. 4-1 at 17). Defendants contend that Plaintiff's "claims that the Court failed to consider or 'credit' his arguments and thus reached the wrong result . . . are clearly outside the scope of an independent action for fraud, as the procedure should not be used to correct an erroneous result." *Id.*

Defendants contend that if the Court determines that Plaintiff's claims are barred by the statute of limitations, res judicata, and collateral estoppel. *Id.* at 20-22.

Plaintiff contends that the Court refused to acknowledge the material issues of fact Plaintiff raised in his motion for summary judgment in a prior action, case number 09cv2679-BTM-NLS (S.D. Cal.). (ECF No. 15 at 8). Plaintiff contends that counsel for Defendants engaged in witness tampering and "court officials use[d] their position to save the embarrassment of a large and notable law firm to save face when the evidence proves they illegally violated the law." *Id.* at 8-9.

The Court takes judicial notice of the Order granting the motion for summary judgment filed by Defendant MTS in case number 09cv2679, issued February 28, 2011. (ECF No. 4-3 at 6). The Order granted the motion for summary judgment filed by MTS on all of Plaintiff's claims related to Plaintiff's termination from MTS in October 2007. The Court takes judicial notice of the judgment entered for Defendant MTS in case number 09cv2679 on March 1, 2011. *Id.* at 25. The Court takes judicial notice of four post-judgment motions filed by Plaintiff. (ECF No. 4-3 at 47, 126, 297, 316). The Court also takes judicial notice of four orders entered in case number 09cv2679, issued on May 24, 2011, September 6, 2011, October 4, 2011, and February 27, 2012, all denying Plaintiff's requests for relief from the March 1, 2011 judgment. (ECF No. 4-3 at 123, 294, 314, 341).

In the February 27, 2012 Order in case 09cv2679, Judge Moskowitz denied Plaintiff's motion for relief pursuant to Rule 60(b)(2) based on newly discovered evidence. Judge Moskowitz stated:

> Any further Rule 60 motions or motions for reconsideration that lack merit may be grounds for sanctions under 28 U.S.C. § 1927. Although the Court denied Defendants' instant motion for attorney's fees incurred in opposing Plaintiff's first 60(b) motion, the Court cannot continue to show leniency for repeated filings of meritless Rule 60(b) motions and motions for reconsideration. In the Court's October 4, 2011 Order the Court explained, "Continued filings of Rule 60(b) motions and motions for reconsideration will not be fruitful. At this juncture, Plaintiff may want to investigate the option of appealing to the Ninth Circuit Court of Appeals." Yet Plaintiff filed another Rule 60(b) motion, which the Court now denies. Repeated filings which reiterate the same arguments that have already been rejected by the Court will not change the outcome of

> this lawsuit and will expose the Plaintiff to liability for attorney's fees incurred by Defendants in opposing the motions.

(ECF No. 4-3 at 345).

The Court takes judicial notice of the Order granting the motion to dismiss filed by Defendant MTS in case number 14cv1929-WQH-DHB (S.D. Cal.), issued October 23, 2014. (ECF No. 4-3 at 401). In the Order, the Court stated that "The Complaint does not identify any claims that would not require voiding the judgment in case number 09cv2679. A district court has no authority to vacate the judgment of a closed case before another district judge. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 825-27 (9th Cir. 2002)." The Court takes judicial notice of the Order denying the motion to reopen case number 09cv2679 pursuant to 60(b)(3) filed by Plaintiff in case number 14cv1929. In the Order, the Court stated that

> On October 23, 2014, the Court dismissed this case with prejudice, reasoning that "[b]ecause a judgment for Plaintiff in this action would necessarily require the Court to vacate the judgment entered in case number 09cv2679, the Court cannot entertain this case." The Court cannot entertain this case or reopen *Womack I*. As stated in the October 23, 2014 Order, "Plaintiff is HEREBY NOTIFIED that subsequent filings in this case may be grounds for sanctions. *See* 28 U.S.C. § 1927. Further attempts in this case to vacate the March 1, 2011 Judgment in case number 09cv2679 may be construed as recklessly raising a frivolous argument."

(ECF No. 4-3 at 415).

Case number 09cv2679, case number 14cv1929, and this case arise from the same events. Plaintiff alleged that he was hired by San Diego Trolley, Inc. as a Code Compliance Inspector in June of 2005 and was terminated on October 11, 2007. (ECF No. 4-3 at 403). Plaintiff alleged that he was interrogated at work without his union representative. *Id.* Plaintiff alleged that he received a letter stating that he would be terminated due to violation of six of Defendants' employment policies. *Id.* Plaintiff alleged that after his termination, Plaintiff took it upon himself to prove his innocence and engaged a polygraph examiner to provide to the Metropolitan Transit Development Board the relevant evidence. *Id.* Plaintiff alleged that on January 30, 2008, Plaintiff had an administrative law hearing, where he was not permitted to present evidence of his innocence and Defendant's wrongdoing. *Id.*

In this case, Plaintiff brings an independent action for fraud upon the court pursuant to Federal Rule of Civil Procedure 60(d)(3). "Fraud on the court involves 'far more than an injury to a single litigant.'" *United States v. Estate of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). An action for fraud upon the court "should be read narrowly, in the interest of preserving the finality of judgments. Simply put, not all fraud is fraud on the court. To constitute fraud on the court, the alleged misconduct must harm the integrity of the judicial process." *In re Lavander*, 180 F.3d 1114, 1110 (9th Cir. 1999) (citations and internal quotations omitted). "Fraud on the court requires a grave miscarriage of justice, and a fraud that is aimed at the court." *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir. 2003) (citations and internal quotations omitted).

The Court has addressed Plaintiff's allegations of fraud and conspiracy by Defendants, their counsel, and court officials. In case number 09cv2679, Judge Moskowitz denied Plaintiff's motion for relief from judgment, holding that Plaintiff had not produced clear and convincing evidence of fraud or misconduct during the course of the litigation. (ECF No. 4-3 at 296). Defendant asserted the same allegations of conspiracy in multiple unsuccessful post-judgment motions and in a complaint in case number 14cv1929. The Court finds that the complaint in this case does not allege facts that show "fraud that is aimed at the court" or misconduct that harmed "the integrity of the judicial process" requiring the Court to vacate prior orders. *See Appling*, 340 F.3d at 780; *In re Lavander*, 180 F.3d at 1110. Plaintiff's other claims related to his termination from MTS have previously been adjudicated and are barred by res judicata and collateral estoppel. *See Allen v. McCurry*, 449 U.S. 90 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.") (citations omitted). The Court finds that

amendment of the complaint would be futile. Defendant's motion to dismiss is granted with prejudice.

## IV. Motion for Attorneys' Fees

Section 1927 of 28 U.S.C. provides that "[a]ny attorney or other person admitted to conduct cases in any court in the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under section 1927 may be imposed where a litigant "recklessly raised a *frivolous* argument which resulted in the multiplication of proceedings." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (emphasis in original). Sanctions under section 1927 may be imposed on a pro se plaintiff. *Wages v. I.R.S.*, 915 F.2d 1230, 1236-36 (9th Cir. 1990).

In the Order entered on February 27, 2012 in case number 09cv2679, denying Plaintiff's motion for relief pursuant to Rule 60(b)(2), Judge Moskowitz stated,

> Any further Rule 60 motions or motions for reconsideration that lack merit may be grounds for sanctions under 28 U.S.C. § 1927. Although the Court denied Defendants' instant motion for attorney's fees incurred in opposing Plaintiff's first 60(b) motion, the Court cannot continue to show leniency for repeated filings of meritless Rule 60(b) motions and motions for reconsideration. . . . Repeated filings which reiterate the same arguments that have already been rejected by the Court will not change the outcome of this lawsuit and will expose the Plaintiff to liability for attorney's fees incurred by Defendants in opposing the motions

(ECF No. 4-3 at 345).

In this Court's October 23, 2104 Order dismissing the case with prejudice and denying Defendants' motion for attorneys' fees in case number 14cv1929, the Court stated

> Plaintiff is HEREBY NOTIFIED that subsequent filings in this case may be grounds for sanctions. *See* 28 U.S.C. § 1927. Further attempts in this case to vacate the March 1, 2011 Judgment in case number 09cv2679 may be construed as recklessly raising a frivolous argument.

*Id.* at 401. In the Court's Order denying the motion to reopen case number 09cv2679, the Court repeated is warning that subsequent filings in this case may be grounds for sanctions. *Id.* at 415.

In this case, Plaintiff has filed a new lawsuit against Defendants alleging violations arising from Plaintiff's termination from MTS and requesting the Court to vacate the previous orders issued in by Court in cases 09cv2679 and 14cv1929. The Court concludes that sanctions are not appropriate at this stage of the proceedings. If Plaintiff makes additional filings in this case they may be construed as recklessly raising a frivolous argument and may be grounds for sanctions. Defendants' motion for attorneys' fees is denied.

**V. Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-filing Order**

Defendants request that the Court declare Plaintiff a vexatious litigant and enter a pre-filing order against him, which would require Plaintiff to

> receive permission from the Presiding Judge of the Court prior to filing any complaint, motion, or pleading in any United States District Court, against MTS, its affiliates (including San Diego Trolley, Inc. ("SDTI") and San Diego Transit Corporation ("SDTC")), and the employees of each, regarding his termination from MTS or challenging the Judgments entered against him (litigating his termination) in Case No. 09-cv-02679-BTM-NLS and Case No. 14CV1929 WQH DHB.

(ECF No. 12-1 at 5). Defendants contend that Plaintiff should be declared a vexatious litigant because he "has filed four separate complaints, four post-judgment motions, and a union grievance against Defendant San Diego Metropolitan Transit Systems ('MTS'), its affiliates, and its employees in the past six years, all litigating the circumstances of his 2007 termination from MTS." *Id.*

Defendants contend that all four factors articulated in *Moski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) are met so as to permit the Court to declare Plaintiff a vexatious litigant. Defendants contend that Plaintiff has been given notice and an opportunity to be heard based on Defendants' properly noticed motion. Defendants contend that they have provided the Court with an adequate record of Plaintiff's vexatious litigation history. Defendants contend that Plaintiff's litigation conduct is harassing and frivolous because Plaintiff has attempted over and over to relitigate the same issues that have been previously adjudicated. Defendants contend that Plaintiff has no objective, good faith expectation of prevailing because his claims

are clearly barred by res judicata and collateral estoppel, but continues to file new related pleadings in order to harass. Defendants contend that Plaintiff's litigation is duplicative, each lawsuit and post-judgment motion alleging the same claims. Defendants contend that Plaintiff's actions are a waste of judicial resources and Defendants' resources and that Defendant has been required to expend nearly $140,000 in legal fees to date, defending its decision to terminate Womack. Defendants contend that sanctions less than a pre-filing order are insufficient to deter Plaintiff from continuing to file frivolous lawsuits because Plaintiff is judgment proof. Defendants contend that the pre-filing order requested is narrowly tailored because it would prevent Plaintiff only from bringing a lawsuit or pleading in any United States District Court against MTS, its employees, or its affiliates, related to his termination.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)). The third and fourth factors are the "two substantive factors," and the Ninth Circuit Court of Appeals has found that the following Second Circuit factors are a "helpful framework" in determining whether a party is a vexatious litigant:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other

parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *Molski*, 500 F.3d at 1058). "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotations and citation omitted). "[E]ven if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* (quoting *De Long*, 912 F.2d at 1148). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064-65 (holding that the district court abused its discretion by failing to consider whether "imposing sanctions such as costs or fees on the [plaintiffs] would have been an adequate deterrent").

Although federal courts have the power to "regulate the activities of abusive litigants" by entering pre-filing restrictions, "such pre-filing orders should rarely be filed." *De Long,* 912 F.2d at 1147. "If used too freely or couched in overly broad terms, injunctions against future litigation may block free access to the courts" and eliminate the "final safeguard for vitally important constitutional rights." *Wood v. Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1525 (9th Cir. 1983). "In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart*, 761 F.3d at 1062.

To date, Plaintiff has filed four complaints[1] and four post-judgment motions against Defendant MTS and its affiliates and employees, including Defendant San Diego Trolley, Inc. related to Plaintiff's termination from MTS. Based on the record,

---

[1] In addition to the complaints filed in case numbers 09cv2679 and 14cv1929, the Court takes judicial notice of the complaint filed in California Superior Court on August 5, 2013 alleging state tort claims. (ECF No. 4-3 at 347).

the Court does not find "that the number of complaints [is] inordinate." *Ringgold-Lockhart*, 761 F.3d at 1064; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (affirming grant of permanent injunction against relitigation of a case that evolved from a "simple pro se employment dispute" to a "morass of litigation, into which [the plaintiff had] pulled over 250 defendants and, at one point, over 30 district courts"); *De Long*, 912 F.2d at 1148 (holding that the district court abused its discretion when it did not make a finding that "the number of complaints was inordinate" to justify a finding of frivolousness, where the plaintiff had filed three related habeas petitions and two post-judgment motions). The Court has determined that ordering Plaintiff to reimburse Defendants for attorney's fees is a "less restrictive option" and a more appropriate remedy than declaring Plaintiff a vexatious litigant at this stage in the proceedings. *See Ringgold-Lockhart*, 761 F.3d at 1064-65. Defendants' motion to declare Plaintiff a vexatious litigant is denied.

## VI. Conclusion

IT IS HEREBY ORDERED that the motion to dismiss and for attorneys' fees (ECF No. 4) is granted in part and denied in part. The motion to dismiss is granted. The complaint is dismissed with prejudice. The motion for attorneys' fees is denied.

IT IS FURTHER ORDERED that the motion to declare Plaintiff a vexatious litigant and for a pre-filing order (ECF No. 12) is denied.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment dismissing the case with prejudice.

DATED: February 25, 2016

**WILLIAM Q. HAYES**
United States District Judge